**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - -X
IRVING MASON,                    :
                                 :
                    Petitioner,  :
                                 :
    -against-                    :
                                 :   04 Civ. 2198 (JFK)
                                 :   96 Cr. 126 (JFK)
                                 :   **MEMORANDUM OPINION**
UNITED STATES OF AMERICA,        :     **and ORDER**
                                 :
                    Respondent.  :
- - - - - - - - - - - - - - - - -X

**JOHN F. KEENAN, United States District Judge**:

On August 9, 2005, the Court issued an Opinion and Order ("Order") denying Petitioner Irving Mason's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. Mason filed a notice of appeal, but the Second Circuit dismissed the appeal without prejudice to re-filing after Mason moved this Court for a certificate of appealability ("COA"). See 28 U.S.C. § 2253(c)(1)(B). Mason now moves for the COA on the issue of ineffective assistance of counsel. (Ltr. from B. Fallick to Court (Aug. 22, 2005)). The Government opposes the application. (Ltr. from AUSA K. Lemire to Court (Oct. 5, 2005)).

In his 2255 petition, Mason contended that his Sixth Amendment rights were violated because of the ineffectiveness of counsel for his co-defendant, Aldo Mitchell ("Mitchell"). While the Court agreed that a defendant may assert an ineffectiveness claim for the first time on collateral attack, Massaro v. United States, 538 U.S. 500, 503-04 (2003), the Court found no case

extending the holding of Massaro to ineffectiveness claims against a co-defendant's counsel. (Order at 6). If the denial of Mason's 2255 petition rested on this finding alone, the Court might be inclined to grant the COA. The Court made clear, however, that it was unnecessary to reach that issue because Mason could not show that the alleged ineffectiveness prejudiced him or that Mitchell's counsel acted below an objective standard of reasonableness. See Strickland v. Washington, 466 U.S. 668, 690, 694 (1984). The Court's Strickland analysis was thorough and need not be repeated here. (See Order at 6-8).

The Court is satisfied that no reasonable jurist would disagree with the Court's resolution of the ineffectiveness claim and that the issue requires no further pursuit. See Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). Mason's application for a COA is denied.

**SO ORDERED.**

Dated: New York, New York
October 6, 2005

*John F. Keenan*
**JOHN F. KEENAN**
United States District Judge