UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------- X
IRVING MASON,                      :
                                   :
                Petitioner,        :
                                   :
        -against-                  :        **ORDER &**
                                   :   **MEMORANDUM OPINION**
UNITED STATES OF AMERICA           :   04 Civ. 2198 (JFK)
                                   :   S 17 96 CR 126 (JFK)
                Respondent.        :
--------------------------------- X

**JOHN F. KEENAN, United States District Judge:**

Before the court is incarcerated pro se petitioner Irving Mason's ("Mason") motion to vacate his sentence and conviction pursuant to Rule 60(b) of the Federal Rules of Civil Procedure or, alternatively, 28 U.S.C. § 1651(a). Mason also asks the Court to appoint counsel pursuant to 18 U.S.C. § 3006A.  For the reasons set forth below, the motion is denied in its entirety.

## I.  BACKGROUND

On April 18, 2001, the Court sentenced Mason to 30 years' imprisonment for conducting and participating in the affairs of a racketeering enterprise in violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO") (18 U.S.C. § 1962), RICO conspiracy (18 U.S.C. § 1962(d)), conspiracy to commit robbery (18 U.S.C. § 1951), attempted robbery (18 U.S.C. §§ 1951, 1952), possessing a firearm (18 U.S.C. § 922(g)), and possessing ammunition (18 U.S.C. §

922(g)).   On November 21, 2002, the U.S. Court of Appeals for the Second Circuit affirmed the judgment.   Mason subsequently petitioned this Court to vacate his conviction pursuant to 28 U.S.C. § 2255, a request the Court denied on August 9, 2005.   On October 6, 2005, the Court denied Mason's motion for a certificate of appealability from that decision.

Mason now asks the Court to vacate his sentence and conviction pursuant to Rule 60(b) or, alternatively, 28 U.S.C. 1651(a) on the following grounds:   (1) "[T]he government failed to allege and/or establish the required Jurisdiction[al] nexus for a Hobbs Act Prosecution"; (2) "The Government failed to establish federal jurisdiction by failing to provide the required elements of the [charged] offense for the jury's consideration"; (3) "The jury instruction impermissibly removed the interstate commerce element [of] the Hobbs Act from the jury's consideration"; and (4) "The misapplication of the 'de minimis' effect standard of review, as well as its misinterpretation." (Pet'r's Br. table of contents.)

## II.  DISCUSSION

### A.  Rule 60(b)

Rule 60(b) of the Federal Rules of Civil Procedure reads as follows:

> On motion and just terms, the court may
> relieve a party or its legal representative
> from a final judgment, order, or proceeding
> for the following reasons:
>> (1) mistake, inadvertence, surprise, or
>> excusable neglect;
>> (2) newly discovered evidence that, with
>> reasonable diligence, could not have
>> been discovered in time to move for a
>> new trial under Rule 59(b);
>> (3) fraud (whether previously called
>> intrinsic or extrinsic),
>> misrepresentation, or misconduct by
>> an opposing party;
>> (4) the judgment is void;
>> (5) the judgment has been satisfied,
>> released, or discharged; it is based
>> on an earlier judgment that has been
>> reversed or vacated; or applying it
>> prospectively is no longer equitable;
>> or
>> (6) any other reason that justifies
>> relief.

Fed. R. Civ. P. 60(b). "Rule 60(b) is only available to attack the integrity of a habeas corpus proceeding, not the underlying merits [of the conviction]." Underwood v. United States, No. S3 88 Cr. 822, 2006 U.S. Dist. LEXIS 11391, at *4 (S.D.N.Y. Mar. 20, 2006) (citing Harris v. United States, 367 F.3d 74, 77 (2d Cir. 2004)); accord Eubanks v. United States, No. 97 Civ. 3891, 2005 U.S. Dist. LEXIS 16712, at *4 (S.D.N.Y. Aug. 11, 2005) ("[A] Rule 60(b) motion filed in the habeas context does not seek to set aside or vacate a sentence imposed by the federal court . . . . [but rather] only seeks to vacate the federal court judgment concerning the prior habeas petition."). When a

petitioner uses Rule 60(b) to attack his underlying conviction, the court can do one of two things: (1) inform the petitioner that the court intends to recharacterize the 60(b) motion as a collateral attack and permit the petitioner to withdraw the motion if he so desires, or (2) deny the motion as beyond the scope of Rule 60(b). <u>See Gitten v. United States</u>, 311 F.3d 529, 534 (2d Cir. 2002).

Mason's 60(b) motion attacks his underlying conviction, not the integrity of the habeas proceeding. He raises four argument in his brief, all of which question, in some way, whether jurisdiction existed to sustain his conviction. At no point does he object to the Court's handling of his habeas petition. Therefore, the Court denies his motion as beyond the scope of Rule 60(b).

### B.  28 U.S.C. § 1651(a)

The All Writs Act, 28 U.S.C. § 1651(a), reads, "The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." According to the Supreme Court, "[T]he All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act,

4

that is controlling." Carlisle v. United States, 517 U.S. 416, 429 (1996) (refusing to grant writ of error coram nobis where Rule 29 governed particular issue in question); see, e.g., Penn. Bureau of Corr. v. U.S. Marshals Serv., 474 U.S. 34, 43 (1985) (refusing to invoke ad hoc authority under All Writs Act where remedy sought was, in essence, a writ of habeas corpus ad testificandum governed by 28 U.S.C. § 2243); Ortiz v. New York, 75 Fed. Appx. 14, 17 (2d Cir. 2003) (summary order) (refusing to grant relief pursuant to the All Writs Act where defendant sought a reduction in his sentence, a type of relief "covered by 28 U.S.C. § 2255").

Mason asks the Court "to vacate the sentence and set the judgment aside and discharge the Petitioner" on the ground that "the court's prior rulings and judgment . . . were rendered without jurisdiction." (Pet'r's Br. 18.) This is precisely the type of petition that 28 U.S.C. § 2255 governs: "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that . . . the court was without jurisdiction to impose such sentence . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255. Therefore, the

All Writs Act does not control here.  Petitioner's motion in the alternative must be denied.

### C.  Appointment of Counsel

Petitioner asks the court to appoint counsel pursuant to 18 U.S.C. § 3006A.  The Court need not address whether Petitioner's application is properly brought under 18 U.S.C. § 3006A (permitting courts to appoint counsel in limited civil matters, such as collateral attacks pursuant to 28 U.S.C. § 2255), or 28 U.S.C. § 1915 (permitting courts to appoint counsel for indigent civil litigants). Under both statutes, a pro se litigant must pass the threshold test of bringing a claim that "seems likely to be of substance." Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir. 1986) (analyzing application for counsel under 28 U.S.C. § 1915); see also United States v. Austin, No. 08 Civ. 6765, 2009 U.S. Dist. LEXIS 525, at *2-3 (S.D.N.Y. Jan. 5, 2009) (applying Hodge to request for counsel under 18 U.S.C. § 3006A); United States v. Doe, No. 01 Cr. 782, 2005 U.S. Dist. LEXIS 1019, at *3 (S.D.N.Y. Jan. 24, 2005) ("In assessing whether to appoint counsel for any indigent civil litigant pursuant to § 3006A(a)(2)(B), the courts in this circuit consider factors such as the petitioner's likelihood of success on the merits . . .").

For reasons already discussed, Mason's motion is without substance or merit.   Therefore, his application for appointed counsel is denied.[1]

### CONCLUSION

Mason's motion is denied in its entirety.

SO ORDERED.

Dated:   New York, New York

    May 6 , 2009

*John F. Keenan*
_____

                        JOHN F. KEENAN

                United States District Judge

_____

[1] To the extent Mason's motion can be construed as an application for appointed counsel to assist him in filing a successive collateral attack, this application is also denied.   Mason has already unsuccessfully challenged his sentence and conviction under 28 U.S.C. § 2255, meaning the U.S. Court of Appeals for the Second Circuit must act as a gatekeeper for any subsequent collateral attack. Roccisano v. Menifee, 293 F.3d 51, 58 (2d Cir. 2002) ("[A] second or successive § 2255 motion may not be filed unless the appropriate court of appeals certifies that the motion is based on (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." (internal quotation marks omitted)).   The Second Circuit has not certified Mason's motion and, therefore, insofar as the motion can be construed as a successive collateral attack, it is not properly before this court.   Since the motion would be unauthorized and thus without merit, the interests of justice do not require the appointment of counsel.