USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8-20-09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IRVING MASON,

Petitioner,

-against-

UNITED STATES OF AMERICA

Respondent.

**ORDER**
04 Civ. 2198 (JFK)
96 Cr. 126 (JFK)

**JOHN F. KEENAN, United States District Judge:**

On May 6, 2009, the Court denied Irving Mason's motion to vacate his conviction and sentence pursuant to Rule 60(b) of the Federal Rules of Civil Procedure or, alternatively, pursuant to 28 U.S.C. § 1651(a). The Court found that, because Mason challenged his underlying conviction and not the integrity of his habeas proceeding, his motion was beyond the scope of Rule 60(b). Mason v. United States, No. 04 Civ. 2198, 2009 U.S. Dist. LEXIS 38915, at *2-4 (S.D.N.Y. May 6, 2009).[1] The Court further found that 28 U.S.C. § 2255 governed the relief Mason sought, precluding application of 28 U.S.C. § 1651(a). Id. at *4-6. On June 18, 2009, the Court denied Mason's motion for reconsideration of this ruling. On July 9, 2009, Mason filed a notice of appeal.

[1] For Mason's convenience, the Court attaches this unpublished opinion hereto as the Court's Exhibit 1.

The Court now considers whether a certificate of appealability is necessary and whether one should issue. If a district court denies relief in the habeas corpus context or under 28 U.S.C. § 2255, the applicant may not appeal the decision "unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c). If an applicant files a notice of appeal, the district judge who rendered the judgment must either issue a certificate of appealability or state why a certificate should not issue." Fed. R. App. P. 22(b)(1).

In Kellogg v. Strack, the Second Circuit expanded the certificate of appealability requirement: "The COA requirement provided in 28 U.S.C. § 2253(c) applies to an order denying a Rule 60(b) motion for relief from a judgment denying a § 2254 [or 2255] petition."[2] 269 F.3d 100, 104 (2d Cir. 2001). In reaching this conclusion, the Court offered the following analysis:

> This Court has previously taken an expansive view towards the applicability of the [certificate of probable cause]/[certificate of appealability] requirement to orders other than an order denying a habeas

---

[2] The Court inserts the reference to 28 U.S.C. § 2255 since this provision is considered in pari materia with § 2254 and, therefore, the reasoning of cases regarding § 2254 applies equally to § 2255. See Kellogg v. Strack, 269 F.3d 100, 103 n.3 (2d Cir. 2001).

> petition. See Grune v. Coughlin, 913 F.2d 41, 44 (2d Cir. 1990) (holding that a [certificate of probable cause] is required when a petitioner appeals the denial of a bail application pending the outcome of a habeas proceeding). We reasoned in Grune that "the interest served by the certificate of probable cause requirement - relieving the state and the court system of the burdens resulting from the litigation of insubstantial appeals - is equally served whether the order appealed is a final disposition of the merits or a collateral order." Id. at 44. This reasoning is equally applicable to appeals arising from orders denying post-judgment relief.

Id. at 103.

A certificate of appealability is necessary in this case. The Court recognizes that the instant case is distinguishable from Kellogg since Mason is seeking to appeal the denial of a Rule 60(b) motion for relief from his underlying conviction, as opposed to relief from the subsequent habeas decision.[3] Mason is also seeking to appeal the denial of his motion challenging his conviction under 28 U.S.C. § 1651. As mentioned above, the Court denied Mason's motions essentially on the ground that they were circumventions of 28 U.S.C. § 2255, the proper avenue

---

[3] Mason's notice of appeal states that he intends to challenge "an Order denying petitioner's Petition under the All Writs Act (1651) (Audita Querela)." (Pet'r's Notice of Appeal.) Since it appears that Mason may have referenced the All Writs Act, 28 U.S.C. § 1651, to identify the order that he plans to appeal in its entirety, the Court does not construe his notice of appeal as only appealing the portion of the Court's ruling that concerns the All Writs Act.

for post-judgment relief in this case. In light of the Second Circuit's "expansive view" of the certificate of appealability requirement for "orders denying post-judgment relief," id., the Court finds that a certificate of appealability is necessary. See Espinal v. United States, No. 91 CR 310, 2006 WL 163179, at *3 (S.D.N.Y. Jan. 23, 2006) (refusing to grant a certificate of appealability to defendant after denying Rule 60(b) motion that challenged the underlying conviction as beyond the scope of the rule).

To obtain a certificate of appealability, the petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In the context of a Rule 60(b) denial, a certificate of appealability "should issue only if the petitioner shows that (1) jurists of reason would find it debatable whether the district court abused its discretion in denying the Rule 60(b) motion, and (2) jurists of reason would find it debatable whether the underlying habeas petition, in light of the grounds alleged to support the 60(b) motion, states a valid claim of the denial of a constitutional right." Kellogg, 269 F.3d at 104.

Mason cannot meet his burden. As explained in the appealed opinion, Mason has not made a substantial showing of the denial of a constitutional right. Further, no

jurist of reason would find that the Court abused its discretion in denying Mason's earlier motions.

The Court declines to issue a certificate of appealability.

SO **ORDERED.**

**Dated:** **New York, New York**

**August 20, 2009**

John F. Keenan

**JOHN F. KEENAN**

**United States District Judge**

# COURT'S EXHIBIT 1



LEXSEE 2009 US DIST LEXIS 38915


Analysis
As of: Aug 19, 2009

**IRVING MASON, Petitioner, -against- UNITED STATES OF AMERICA, Respondent.**

**04 Civ. 2198 (JFK),S 17 96 CR 126 (JFK)**

**UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**

***2009 U.S. Dist. LEXIS 38915***

**May 6, 2009, Decided**
**May 6, 2009, Filed**

**SUBSEQUENT HISTORY:** Reconsideration denied by, Motion denied by *Mason v. United States, 2009 U.S. Dist. LEXIS 52165 (S.D.N.Y., June 18, 2009)*

**PRIOR HISTORY:** *Mason v. United States, 2005 U.S. Dist. LEXIS 22992 (S.D.N.Y., Oct. 6, 2005)*

**COUNSEL:** [*1] For Irving Mason, Petitioner: Barry M. Fallick, LEAD ATTORNEY, Rochman Platzer Fallick & Rosmarin, New York, NY.

**JUDGES:** JOHN F. KEENAN, United States District Judge.

**OPINION BY:** JOHN F. KEENAN

**OPINION**

***ORDER & MEMORANDUM OPINION***

**JOHN F. KEENAN, United States District Judge**:

Before the court is incarcerated pro se petitioner Irving Mason's ("Mason") motion to vacate his sentence and conviction pursuant to *Rule 60(b) of the Federal Rules of Civil Procedure* or, alternatively, *28 U.S.C. § 1651(a)*. Mason also asks the Court to appoint counsel pursuant to *18 U.S.C. § 3006A*. For the reasons set forth below, the motion is denied in its entirety.

**I. BACKGROUND**

On April 18, 2001, the Court sentenced Mason to 30 years' imprisonment for conducting and participating in the affairs of a racketeering enterprise in violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO") (*18 U.S.C. § 1962*), RICO conspiracy (*18 U.S.C. § 1962(d)*), conspiracy to commit robbery (*18 U.S.C. § 1951*), attempted robbery (*18 U.S.C. §§ 1951, 1952*), possessing a firearm (*18 U.S.C. § 922(g)*), and possessing ammunition (*18 U.S.C. § 922(g)*). On November 21, 2002, the U.S. Court of Appeals for the Second Circuit affirmed the judgment. Mason subsequently [*2] petitioned this Court to vacate his conviction pursuant to *28 U.S.C. § 2255*, a request the Court denied on August 9, 2005. On October 6, 2005, the Court denied Mason's motion for a certificate of appealability from that decision.

Mason now asks the Court to vacate his sentence and conviction pursuant to *Rule 60(b)* or, alternatively, *28 U.S.C. 1651(a)* on the following grounds: (1) "[T]he government failed to allege and/or establish the required Jurisdiction[al] nexus for a Hobbs Act Prosecution"; (2) "The Government failed to establish federal jurisdiction by failing to provide the required elements of the [charged] offense for the jury's consideration"; (3) "The jury instruction impermissibly removed the interstate commerce element [of] the Hobbs Act from the jury's consideration"; and (4) "The misapplication of the 'de

minimis' effect standard of review, as well as its misinterpretation." (Pet'r's Br. table of contents.)

## II. DISCUSSION

### A. *Rule 60(b)*

*Rule 60(b) of the Federal Rules of Civil Procedure* reads as follows:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, [*3] surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

*Fed. R. Civ. P. 60(b)*. "*Rule 60(b)* is only available to attack the integrity of a habeas corpus proceeding, not the underlying merits [of the conviction]." *Underwood v. United States, No. S3 88 Cr. 822, 2006 U.S. Dist. LEXIS 11391, at *4 (S.D.N.Y. Mar. 20, 2006)* (citing *Harris v. United States, 367 F.3d 74, 77 (2d Cir. 2004)*); *accord Eubanks v. United States, No. 97 Civ. 3891, 2005 U.S. Dist. LEXIS 16712, at *4 (S.D.N.Y. Aug. 11, 2005)* ("[A] *Rule 60(b)* motion filed in the habeas context does not seek to set aside or vacate a sentence imposed by the federal court . . . [but rather] only seeks to vacate the federal court judgment concerning the prior [*4] habeas petition."). When a petitioner uses *Rule 60(b)* to attack his underlying conviction, the court can do one of two things: (1) inform the petitioner that the court intends to recharacterize the 60(b) motion as a collateral attack and permit the petitioner to withdraw the motion if he so desires, or (2) deny the motion as beyond the scope of *Rule 60(b). See Gitten v. United States, 311 F.3d 529, 534 (2d Cir. 2002).*

Mason's 60(b) motion attacks his underlying conviction, not the integrity of the habeas proceeding. He raises four argument in his brief, all of which question, in some way, whether jurisdiction existed to sustain his conviction. At no point does he object to the Court's handling of his habeas petition. Therefore, the Court denies his motion as beyond the scope of *Rule 60(b)*.

### B. *28 U.S.C. § 1651(a)*

The All Writs Act, *28 U.S.C. § 1651(a)*, reads, "The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." According to the Supreme Court, "[T]he All Writs Act is a residual source of authority to issue writs that are not otherwise covered [*5] by statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." *Carlisle v. United States, 517 U.S. 416, 429, 116 S. Ct. 1460, 134 L. Ed. 2d 613 (1996)* (refusing to grant writ of error coram nobis where *Rule 29* governed particular issue in question); *see, e.g., Penn. Bureau of Corr. v. U.S. Marshals Serv., 474 U.S. 34, 43, 106 S. Ct. 355, 88 L. Ed. 2d 189 (1985)* (refusing to invoke ad hoc authority under All Writs Act where remedy sought was, in essence, a writ of habeas corpus ad testificandum governed by *28 U.S.C. § 2243*); *Ortiz v. New York, 75 Fed. Appx. 14, 17 (2d Cir. 2003)* (summary order) (refusing to grant relief pursuant to the All Writs Act where defendant sought a reduction in his sentence, a type of relief "covered by *28 U.S.C. § 2255*").

Mason asks the Court "to vacate the sentence and set the judgment aside and discharge the Petitioner" on the ground that "the court's prior rulings and judgment . . . were rendered without jurisdiction." (Pet'r's Br. 18.) This is precisely the type of petition that *28 U.S.C. § 2255* governs: "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that [*6] . . . the court was without jurisdiction to impose such sentence . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." *28 U.S.C. § 2255*.

Therefore, the All Writs Act does not control here. Petitioner's motion in the alternative must be denied.

**C. Appointment of Counsel**

Petitioner asks the court to appoint counsel pursuant to *18 U.S.C. § 3006A*. The Court need not address whether Petitioner's application is properly brought under *18 U.S.C. § 3006A* (permitting courts to appoint counsel in limited civil matters, such as collateral attacks pursuant to *28 U.S.C. § 2255*), or *28 U.S.C. § 1915* (permitting courts to appoint counsel for indigent civil litigants). Under both statutes, a pro se litigant must pass the threshold test of bringing a claim that "seems likely to be of substance." *Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir. 1986)* (analyzing application for counsel under *28 U.S.C. § 1915*); *see also United States v. Austin, No. 08 Civ. 6765, 2009 U.S. Dist. LEXIS 525, at *2-3 (S.D.N.Y. Jan. 5, 2009)* (applying *Hodge* to request for counsel under *18 U.S.C. § 3006A*); *United States v. Doe, No. 01 Cr. 782, 2005 U.S. Dist. LEXIS 1019, at *3 (S.D.N.Y. Jan. 24, 2005)* [*7] ("In assessing whether to appoint counsel for any indigent civil litigant pursuant to *§ 3006A(a) (2) (B)*, the courts in this circuit consider factors such as the petitioner's likelihood of success on the merits . . .").

For reasons already discussed, Mason's motion is without substance or merit. Therefore, his application for appointed counsel is denied. [1]

1 To the extent Mason's motion can be construed as an application for appointed counsel to assist him in filing a successive collateral attack, this application is also denied. Mason has already unsuccessfully challenged his sentence and conviction under *28 U.S.C. § 2255*, meaning the U.S. Court of Appeals for the Second Circuit must act as a gatekeeper for any subsequent collateral attack. *Roccisano v. Menifee, 293 F.3d 51, 58 (2d Cir. 2002)* ("[A] second or successive *§ 2255* motion may not be filed unless the appropriate court of appeals certifies that the motion is based on (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of [*8] constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." (internal quotation marks omitted)). The Second Circuit has not certified Mason's motion and, therefore, insofar as the motion can be construed as a successive collateral attack, it is not properly before this court. Since the motion would be unauthorized and thus without merit, the interests of justice do not require the appointment of counsel.

**CONCLUSION**

Mason's motion is denied in its entirety

**SO ORDERED.**

**Dated: New York, New York**

**May 6, 2009**

/s/ John F. Keenan

**JOHN F. KEENAN**

**United States District Judge**